IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| AMIR ELMORE, | § | |
| | § | |
| Defendant Below- | § | No. 246, 2016 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID 1404013039B |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: May 27, 2016
Decided: July 21, 2016

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## <u>ORDER</u>

This 21st day of July 2016, upon consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Amir Elmore, filed this appeal from the Superior Court's denial of his motion for correction of sentence. The State filed a motion to affirm the judgment below on the ground that it is manifest on the face of Elmore's opening brief that his appeal is without merit. We agree and affirm.

(2) On September 29, 2014, Elmore was convicted after a bench trial of one count each of Possession of a Firearm by a Person Prohibited ("PFPP") and Possession of Ammunition by a Person Prohibited. The Superior Court

immediately sentenced Elmore to a total period of fifteen years at Level V incarceration to be suspended after serving a minimum mandatory prison term of ten years for one year of Level III probation. The ten-year minimum mandatory sentence was required by 11 *Del. C.* § 1448(e)(1)(c) because Elmore had two prior convictions for second degree robbery.[1] This Court affirmed his convictions and sentence on direct appeal.[2]

(3) In April 2016, Elmore filed a motion for correction of illegal sentence, alleging that his ten-year minimum mandatory sentence for PFPP is illegal. The Superior Court denied the motion because it was untimely and because Elmore's sentence was appropriate. This appeal followed. Elmore's sole argument in his opening brief is that the Superior Court erred in treating his motion for correction of sentence under Superior Court Criminal Rule 35(a) as a motion for modification of sentence under Rule 35(b).

(4) We review the Superior Court's denial of a motion for correction sentence under Rule 35(a) for abuse of discretion, although questions of law are reviewed *de novo*.[3] Under Rule 35(a), a sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be

---

[1] Those convictions were in Cr. ID 0910007584 and Cr. ID 1301012908.
[2] *Elmore v. State*, 2015 WL 3613557 (Del. June 9, 2015).
[3] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).

imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[4]

(5)    Although the Superior Court mistakenly treated Elmore's motion as a motion for modification of sentence under Rule 35(b), rather than a motion for correction of sentence under Rule 35(a), we nonetheless affirm the Superior Court's denial of the motion on the independent and alternative ground that the motion lacked merit under Rule 35(a).[5] Elmore conceded at sentencing that he had two prior convictions in 2010 and 2013 for second degree robbery, which is a violent felony.[6] Thus, under 11 *Del. C.* § 1448(e)(1)(c), the Superior Court was required to sentence Elmore to a minimum mandatory term of ten years for his 2014 conviction for PFPP. His sentence, therefore, is not illegal.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice

---

[4] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[5] *Unitrin, Inc. v. American Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (noting that the Delaware Supreme Court may affirm a trial court's judgment for reasons different than those articulated by the trial court).
[6] *See* 11 *Del. C.* § 4201(c).

3